CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
7/22/2020
JULIA C. DUDLEY, CLERK
BY: s/ J. Vasquez
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. 5:18-cr-00005 |
| ) | |
| ) | |
| JUDITH WRIGHT, ) | By: Elizabeth K. Dillon |
| ) | United States District Judge |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

On June 24, 2020, Judith Wright filed a motion for compassionate release. (Dkt. No. 461.) Pursuant to Standing Order 2019-1, the Federal Public Defender was appointed to represent Wright, and counsel filed a supplemental motion on July 2, 2020. (Dkt. No. 467.) The matter is fully briefed and ready for decision.

For the reasons stated below, Wright's motion will be denied.

I. BACKGROUND

On February 7, 2019, Wright was found guilty by a jury of conspiracy to distribute or possess with intent to distribute cocaine. Wright was a street-level dealer and courier for a drug trafficking organization led by Blas Rodriguez-Avila. Wright was paid to make two trips to California to drive kilograms of cocaine to Winchester, Virginia, for distribution. On the first occasion, Wright brought four kilograms of cocaine from California; on the second occasion, no drugs were transported due to shipment problems. Wright also assisted co-defendant Olivia Parsons by storing cocaine and money in her bedroom. According to the Pre-Sentence Investigation Report (PSR), Wright was responsible for a reasonably foreseeable amount of at

least 3.5 kilograms of cocaine, resulting in a base offense level of 28. (PSR ¶ 33.) She was assessed to be a Criminal History Category I based on a prior shoplifting conviction. Wright's guideline range was 78–97 months.

Wright was sentenced on June 13, 2019, to 84 months imprisonment, followed by three years of supervised release. (Dkt. No. 410.) Wright has completed approximately 20% of her sentence and is due to be released on January 19, 2025; this projection includes her estimated good-conduct time. She is housed at FCI Greenville, a medium security prison in Illinois housing 962 inmates, with a minimum-security satellite camp that houses 242 inmates. *See* https://www.bop.gov/locations/institutions/gre/ (last visited 7/16/2020). Wright is being housed at the camp. Greenville is reporting one positive case of COVID-19, and that person has recovered. https://www.bop.gov/coronavirus/ (last visited 7/16/2020).[1]

Wright has been diagnosed with asthma and HIV. (Dkt. No. 472-1 at 3.) Her asthma is listed as "stable" and in "good control." (*Id.*) Her HIV diagnosis is "asymptomatic" and her CD4 count, a type of white blood cells, is "stable." (*Id.*) A blood test on February 10, 2020, listed Wright's CD4 percentage as "in range." (*Id.*) Additionally, Wright has an unspecified thyroid disorder. (*Id.*)

## II. ANALYSIS

**A. Compassionate Release Under the First Step Act**

---

[1] Wright states that it "appears that not all cases are reported on BOP's website" based on Wright's unsupported and unverified report that "a woman who self-reported to FCI Greenville recently tested positive, and notice was given to inmates at the prison of that fact, but the BOP's website does not reflect a current positive case at the facility." (Wright's Reply Br. 7 n.10, Dkt. No. 475.) Even if the court were to presume that that there was at least one, and possibly more, positive cases at FCI Greenville due to reporting or testing deficiencies, the court would still deny Wright's motion for the reasons stated in this opinion.

United States Code Title 18, Section 3582(c)(1)(A), as amended by the First Step Act and in pertinent part, provides that the court may not modify a term of imprisonment once it has been imposed except that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction….

In addition to satisfying the above, the reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1). The Sentencing Commission's policy statement on compassionate release is set forth in U.S. Sentencing Guidelines § 1B1.13. The Policy provides, in pertinent part, that under § 3582(c)(1)(A), the court may reduce a term of imprisonment "if, after considering the factors set forth in 18 U.S.C. § 3553(a)," the court determines that:

> (1)(A) Extraordinary and compelling reasons warrant the reduction; and …
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13. In the application notes, the Policy recognizes extraordinary and compelling reasons with regard to medical conditions (terminal illnesses or serious conditions that diminish self-care abilities), age with deterioration and significant time served, family circumstances, and

3

other extraordinary and compelling reasons other than, or in combination with, the above reasons. U.S.S.G. § 1B1.13 n.1.

A defendant seeking relief under § 3582(c)(1)(A) has "the burden of establishing that compassionate release is warranted." *United States v. Heromin*, No. 8:11-CR-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019). Compassionate release is "an extraordinary and rare event." *White v. United States*, 378 F. Supp. 3d 784, 787 (W.D. Mo. 2019). Rehabilitation, standing alone, "shall not be considered an extraordinary and compelling reason" for a sentence modification. 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13 n.3.

**B. Exhaustion**

As noted above, while the First Step Act changed § 3582(c)(1)(A) to allow a prisoner to bring a motion on his or her own behalf, the statute still includes an exhaustion requirement. More than thirty days have passed since Wright made a request for compassionate release to the warden of FCI Greenville on March 27, 2020. The government does not contest exhaustion. Wright submitted an administrative request to FPC Alderson related to her vulnerability to COVID-19. (Dkt. No. 443-3.) Therefore, the court finds that Wright has exhausted her administrative remedies. *See, e.g.*, *United States v. Allen*, Criminal No. RDB-14-0411, 2020 WL 3868999, at *2 (D. Md. July 9, 2020) (finding exhaustion requirement satisfied where thirty days have expired since submission of administrative request).

**C. Extraordinary and Compelling Reasons**

"In the context of the COVID-19 outbreak, courts have found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." *United States v. Harper*, Criminal Action No. 7:18-cr-00025, 2020 WL 2046381, at *3

4

(W.D. Va. Apr. 28, 2020). The parties vigorously disagree about whether Wright's health issues make her particularly susceptible to COVID-19. Even if she were susceptible, Wright is not subject to a particularized risk of contracting the disease at FPC Greenville, which is currently not reporting any positive cases. The court appreciates the concern about there being an outbreak in the future—and also the concern, noted above, about at least one positive case not showing on the BOP website—but the BOP is taking active steps to mitigate the spread of the virus. *See* BOP Implementing Modified Operations, https://www.bop.gov/coronavirus/covid19_status.jsp (last visited 7/16/20). Therefore, it cannot be said that Wright has a particularized risk of contracting the disease at FPC Greenville. As a result, the court finds that extraordinary and compelling reasons do not justify compassionate release for Wright.

### D. Section 3553(a) Factors

Even if the court found that extraordinary and compelling reasons existed, the court would nonetheless exercise its discretion to deny the motion. Wright committed a serious crime, transporting a substantial amount of dangerous narcotics to the community. Nearly five years remains on her sentence, and she has served only a small portion of her original sentence. Furthermore, Wright has refused to accept responsibility for her role in the conspiracy; Wright's testimony at trial was wildly at odds with the evidence supporting her conviction. Therefore, reducing Wright's sentence to time served—or ordering home detention with restrictions, as Wright suggests—would not reflect the seriousness of the offense or adequately deter criminal conduct. *See* § 3553(a)(2)(A), (B). House arrest is also not consistent with sentences for those involved in similar drug conspiracies. § 3553(a)(6) (stating that the sentence must "avoid

5

unwarranted sentence disparities"). For these reasons, the factors set forth in § 3553(a) do not support compassionate release for Wright.

### III. CONCLUSION

Based on the foregoing, it is HEREBY ORDERED that Wright's emergency and supplemental motions for compassionate release (Dkt. Nos. 461, 467) are DENIED.

The Clerk is directed to send a copy of this memorandum opinion and order to counsel and to Ms. Wright.

Entered: July 22, 2020.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge