CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
9/8/2020
JULIA C. DUDLEY, CLERK
BY: s/ J. Vasquez
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action No. 5:18-cr-00005 |
| v.        ) | |
| ) | By:  Elizabeth K. Dillon |
| JUDITH WRIGHT       ) | United States District Judge |

**MEMORANDUM OPINION**

After a four-day jury trial, defendant Judith Wright was convicted of one count of conspiracy to distribute and possession with intent to distribute cocaine.  Now before the court is Wright's motion for relief under 28 U.S.C. § 2255.  Wright alleges that her attorney was ineffective in a variety of ways and that the prosecution failed to disclose evidence favorable to her defense.  For the reasons stated below, Wright's motion will be denied.

I.  BACKGROUND

Wright was indicted with five others on May 15, 2018.  Counsel for Wright moved to suppress statements made by Wright to law enforcement, evidence recovered from a search of Wright's vehicle, and bank records found by law enforcement.  (Dkt. No. 110.)  The court granted in part and denied in part the motion.  The motion was denied as to documents containing basic call information and subscriber information related to Wright's cell phone number obtained in response to third-party subpoenas; denied as to Wright's bank records; and denied as to evidence seized from the search of the car.  (Dkt. No. 212.)  The motion was granted as to a pre-*Miranda* statement by Wright that she was going to California.  (*Id.*)

Wright's counsel also moved for a jury instruction on duress.  The government objected, arguing that the defense was not available based on the alleged facts.  After a hearing, the court found that Wright could not make a prima facie case that she was entitled to a duress instruction and granted the government's motion in limine to preclude evidence of duress at trial.  (Dkt. No. 299.)

At trial, the evidence demonstrated that Wright served as a courier for a drug trafficking conspiracy, transporting multiple kilograms of cocaine from California to Virginia at least once and attempting to transport cocaine a second time, when she was intercepted by law enforcement on her way to the airport. The evidence also showed that Wright opened a bank account to funnel money for the drug trafficking conspiracy to conceal it from law enforcement. Wright testified on her own behalf, but the jurors found her guilty on February 7, 2019.

At sentencing, Wright called four witnesses, including herself, in a hearing that lasted more than two hours. The court found that Wright was not a credible witness and sentenced her to 84 months in prison. Wright did not appeal.

## II. ANALYSIS

### A. Section 2255

Under § 2255, a movant may attack his sentence or conviction on the grounds that it was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. *Id.* § 2255(a). The movant bears the burden of proving grounds for collateral relief by a preponderance of the evidence. *See United States v. Cook*, Criminal No. 1:11-cr-188, 2019 WL 921448, at *1 (E.D. Va. Feb. 25, 2019) (citing *Vanater v. Boles*, 377 F.2d 898, 900 (4th Cir. 1967)). In § 2255 proceedings, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." § 2255(b). The record in this case conclusively establishes that Wright is not entitled to relief, so the court may address the motion without an evidentiary hearing.

### B. Wright's Claims

Wright's claims primarily relate to the alleged ineffectiveness of her attorney. In her motion, Wright alleges that her attorney: (1) failed to communicate a plea offer and insisted she proceed to trial; (2) was unprepared to cross-examine witnesses, failed to develop a theory of defense, and failed to call any witnesses; (3) failed to present an argument at sentencing for downward departure, never explained the sentencing guidelines to her, never disclosed what guidelines range she was facing, and never showed her how her sentence would be determined; (4) failed to communicate her desire to speak to the prosecutor about her involvement in the case, telling her that speaking with the prosecution would not benefit her unless she had information that could lead to an arrest; and (5) filed a motion prematurely, asserting she acted under duress, and the court's denial of the motion compromised her safety. (Dkt. Nos. 425, 426.) In a supplement, Wright alleges that the prosecution failed to disclose evidence that two adverse witnesses were housed together in the same section of the jail before they testified in her trial, and counsel was ineffective for failing to use this information in cross examination or to object to their testimony. (Dkt. No. 427.)

**1. Ineffective assistance of counsel**

As noted above, Wright did not file an appeal, but ineffective assistance claims generally are not subject to procedural default. Instead, a § 2255 motion is the "more appropriate forum" for ineffective assistance claims. *See Barnett v. Quintana*, Case No. 5:18-cv-00279, 2018 WL 7078579, at *13 (S.D.W. Va. Dec. 18, 2018) (citing *Massaro v. United States*, 538 U.S. 500, 504 (2003)).

A viable ineffective assistance of counsel claim arises when "the counsel's conduct so undermined the proper functioning of the adversarial process that the trial did not result in a just outcome." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). First, counsel's performance must have been deficient, which means that the errors were so serious that he or she was not actually

3

functioning as "counsel" as guaranteed by the Sixth Amendment. *Id.* The level of performance is required to be "below an objective standard of reasonableness" under the prevailing norms of the legal community. *Id.* at 688. "Judicial scrutiny of counsel's performance must be highly deferential," so "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. That presumption is even greater when counsel's decisions represent strategic, tactical decisions requiring "assessment and balancing of perceived benefits against perceived risks." *United States v. Terry*, 366 F.3d 312, 317 (4th Cir. 2004). This presumption must be rebutted by the moving party. *Strickland*, 466 U.S. at 689.

Second, the deficient performance must have prejudiced the defense. *Id.* at 687. In other words, counsel's errors must have been so serious that the defendant was deprived of a fair trial with a reliable result. *Id.* To demonstrate prejudice, there must be a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. If either component of the *Strickland* test is not met, the ineffective-assistance claim will fail. *Id.* at 700. Also, the court need not address both components if there is a deficient showing on either prong. *Id.* at 697.

Regarding Wright's claim that her attorney failed to communicate a plea offer from the government, an attorney's failure to relay a formal plea offer to a criminal defendant generally falls below an objective standard of reasonable performance. *See Missouri v. Frye*, 566 U.S. 134, 145 (2012). Under *Frye* and *Lafler v. Cooper*, 566 U.S. 156 (2012),[1] courts may conduct an inquiry to

---

[1] *Frye* held that counsel has a duty to communicate a formal plea offer from the prosecution that contains favorable terms or conditions. 566 U.S. at 145. *Lafler* held that where ineffective assistance results in a rejection of a plea offer and the defendant is convicted at the ensuing trial, the defendant must show that but for the ineffective advice of counsel, there is a reasonable probability that the plea offer would have been accepted by the court and the terms would have been less severe than the judgment that was imposed. 566 U.S. at 164.

4

ensure that plea offers have been effectively communicated. *See Frye*, 566 U.S. at 146 (explaining that to "ensure against late, frivolous, or fabricated claims . . . formal offers can be made part of the record at any subsequent plea proceeding or before a trial on the merits, all to ensure that a defendant has been fully advised before those further proceedings commence"). The court conducted a *Lafler-Frye* inquiry before trial on February 4, 2019, and the government's plea offer was made part of the record in this case. (*See* Dkt. Nos. 319, 331.)

Wright argues that her counsel acted incompetently by "insisting" she go to trial and that he only "hinted as if there were a plea" but "never discussed the alternatives." (§ 2255 Mot. 4, Dkt. No. 425.) Wright further argues that she never would have gone to trial if counsel had advised her of the severe penalties to which she would be subjected. (Defendant's Reply 1, Dkt. No. 437.) These statements are contrary to Wright's statements during the *Lafler-Frye* inquiry, under oath, that she received the plea offer from her counsel and that she was rejecting the plea offer and wished to proceed to trial.

> THE COURT: I wanted to conduct a Lafler-Frye inquiry very briefly before we begin just so we have this on the record.
>
> It's my understanding—Ms. Wright, so you understand what I'm doing, I want to make sure that any formal offers made by the government—plea agreements, plea offers—are on the record, to make sure you've been fully advised of those before we begin trial.
>
> So with regard to Ms. Wright, the superseding indictment contains one count—conspiracy to distribute and possession with intent to distribute cocaine—and it's my understanding that a plea offer was made by the government on July 5, 2018 . . . .
>
> THE COURT: I also understand that by email dated January 18, 2019, it was offered that that could be a conditional plea, preserving the right to appeal the duress defense . . . .
>
> THE COURT: Mr. Santos, were those offers conveyed to your client?
>
> MR. SANTOS: Yes, your honor.

5

>THE COURT:  All right.
>
>I want to tell you, Ms. Wright, that with regard to that offer that was made to you and the charge under 21 United States Code 846 and 841(B)(1)(c), the maximum possible penalty provided by law is 20 years.  There's a maximum fine of a million dollars, and supervised release of at least three years.  Pursuant to that written plea agreement, the government would agree to a two-level decrease in the offense level for acceptance of responsibility, and an additional one-level decrease for acceptance of responsibility at the sentencing hearing if you had abided by that and had abided by the terms of the plea agreement.  The plea agreement would waive your right to trial, waive your right to appeal and waive your right to file a habeas corpus action except for certain matters that can't be waived.
>
>Then, I understand on January 18, 2019, the government also stated that it would allow you to make a conditional plea of guilty, which would preserve your right to appeal the denial of the duress defense.
>
>It is my understanding that those terms and agreements were presented to you and that you rejected those; is that correct?
>
>THE DEFENDANT: Yes, your Honor.
>
>THE COURT: Very well.
>
>You would like to proceed to trial; is that correct?
>
>DEFENDANT: Yes, you Honor.

(*Lafler-Frye* Inquiry 2–4, Dkt. No. 478.)

Therefore, because counsel advised Wright about the government's plea offer, Wright's counsel did not render deficient performance.

The balance of Wright's complaints about her attorney's performance also fall within the realm of litigation strategy.  For example, Wright asserts that counsel was ineffective for not cross-examining a single witness, but decisions about "whether to engage in cross-examination, and if so to what extent and in what manner, are strategic in nature and generally will not support an ineffective assistance claim."  *Yaitsky v. United States*, C.A. No. 2:04-cr-1097-PMD, 2008 WL 3845446, at *17 (D.S.C. Aug. 18, 2008) (quoting *Dunham v. Travis*, 313 F.3d 724, 732 (2d Cir.

2002)); *Sallie v. N. Carolina*, 587 F.2d 636, 640 (4th Cir. 1978) (finding that cross-examination is a matter of trial strategy that cannot be second-guessed in a collateral habeas proceeding). Wright further complains about the failure to develop a "theory of defense," but counsel advanced a duress theory, albeit to no avail. *See Hoots v. Allsbrook*, 785 F.2d 1214, 1219 (4th Cir. 1986) ("[C]ourts considering a claim of ineffective assistance should not second-guess strategic decisions of counsel."). Also, contrary to Wright's complaint that counsel did not argue for a downward departure at sentencing due to minor participation, counsel requested a downward departure on that basis. Counsel's performance throughout his representation of Ms. Wright was well within "prevailing professional norms." *Frazer v. S. Carolina*, 430 F.3d 696, 703 (4th Cir. 2005).

Further, the court finds that Wright cannot satisfy the prejudice prong of the *Strickland* analysis. Regarding the claim that her counsel was unprepared to cross-examine witnesses, failed to develop a theory of defense, and failed to call any witnesses, Wright does not identify any potential witnesses or make a "specific, affirmative showing" of what the missing testimony would have been. *See Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994); *see also United States v. Duty*, No. 1:08-CR-00024-032, 2013 WL 3873076, at *5 (W.D. Va. July 25, 2013) ("Because Duty makes no affirmative showing of the expected testimony his father and girlfriend would have given, he has not sufficiently established deficient performance or prejudice under *Strickland* regarding counsel's alleged failure to investigate or call these witnesses.") (citing *Burger v. Kemp*, 483 U.S. 776, 793 (1987)). Wright also did not identify a "theory of defense" that would have helped her prevail at trial or obtain a lesser sentence.

As it pertains to Wright's claim that counsel did not tell prosecutors that she wanted to talk to them, Wright fails to connect this issue with how it would have resulted in a different outcome. Further, Wright claims that the timing of raising the duress theory endangered her while awaiting trial in prison. Even if this assertion is true, being subjected to dangerous prison conditions is not

the type of prejudice contemplated by *Strickland*. Finally, Wright claims that her attorney should have cross-examined two witnesses about their proximity to Wright in prison or objected to their testimony on that basis. Wright proceeds on the assumption that the testimony of these witnesses was false, but even if Wright's counsel could have succeeded in excluding or undermining their testimony, Wright does not explain how or why the outcome of her case would have been different.

For the foregoing reasons, Wright's ineffective assistance claims will be dismissed without a hearing.

### 2. Failure to disclose

As noted above, Wright alleges that the government failed to disclose evidence that two adverse witnesses were staying near each other in jail leading up to her trial. To the extent that this claim is a *Brady*-type[2] claim for the failure to disclose exculpatory evidence, based on Wright's own argument, Wright discovered this information and it was available to her at trial. "Due process under *Brady* does not require the State to disclose evidence 'available to the defendant from other sources, including diligent investigation by the defense.'" *Evans v. McDaniel*, No. 3:04-cv-0562-ECR-VPC, 2008 WL 731560, at *24 (D. Nev. Mar. 17, 2008) (quoting *Stockton v. Murray,* 41 F.3d 920, 927 (4th Cir.1994)). Therefore, Wright cannot obtain relief under *Brady* for failure to disclose.[3]

## C. Certificate of Appealability

When issuing a final order adverse to the § 2255 movant, the court must issue or deny a certificate of appealability. *See* Fed. R. Gov. § 2255 Proc. 11(a). A certificate of appealability may

---

[2] *See Brady v. Maryland*, 373 U.S. 83 (1963).

[3] The court also notes that Wright did not pursue a direct appeal, and while a *Brady* claim is typically not subject to procedural default, the justification for excusing procedural default is undermined by Wright's access at trial to the information she alleges the government withheld. *See Radcliffe v. United States*, Case No. 5:17-cv-04045, 2019 WL 7559843, at *8 (S.D. W. Va. Mar. 25, 2019) ("A *Brady* claim, by definition, asserts that the government suppressed materially favorable evidence at trial. Consequently, the evidence at issue is often 'not part of the trial record—and thus not part of the record to which a court of appeals is limited on appeal.'") (quoting *United States v. Caro*, 733 F. App'x 651, 674 (4th Cir. 2018)).

issue only if the movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The movant must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). The court declines to issue a certificate of appealability because Wright has not made a substantial showing of the denial of a constitutional right and reasonable jurists would not find the court's assessment of her claims to be debatable or wrong.

### III.  CONCLUSION

For the foregoing reasons, the court will deny Wright's § 2255 motion, grant the government's motion to dismiss, and decline to issue a certificate of appealability. The court will issue an appropriate order.

Entered: September 8, 2020.


/s/ *Elizabeth K. Dillon*
  Elizabeth K. Dillon
  United States District Judge