IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 5:18-cr-00005 |
| | ) | |
| | ) | |
| JUDITH WRIGHT, | ) | By: Elizabeth K. Dillon |
| | ) | United States District Judge |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

On July 22, 2020, the court issued an order denying defendant Judith Wright's motion for compassionate release. (Dkt. No. 476.) Before the court is Wright's second motion for compassionate release (Dkt. No. 482), which will also be denied.

In its July order, the court found that even if Wright's health issues—asthma and asymptomatic HIV—make her "particularly susceptible to COVID-19 . . . Wright is not subject to a particularized risk of contracting the disease at FPC Greenville, which is currently not reporting any cases." (Dkt. No. 476 at 5.) Also, even if "extraordinary and compelling reasons existed" to justify compassionate release, the court stated it would "nonetheless exercise its discretion to deny the motion" pursuant to the sentencing factors set forth at 18 U.S.C. § 3553(a). (*Id.*)

Wright's renewed motion is based on a subsequent outbreak of COVID cases at FPC Greenville. Thus, Wright argues that she is now subject to a particularized risk of contracting the disease at FPC Greenville. However, the outbreak does not alter the court's analysis under § 3553(a), which the court sets forth below in full:

> Even if the court found that extraordinary and compelling reasons existed, the court would nonetheless exercise its discretion to deny the motion. Wright committed a serious crime, transporting a substantial amount of dangerous narcotics to the community. Nearly five years remains on her sentence, and she has served only a small portion of her original sentence. Furthermore, Wright has refused to accept responsibility for her role in the conspiracy; Wright's testimony at trial was wildly at odds with the evidence supporting her conviction. Therefore, reducing Wright's sentence to time served—or ordering home detention with restrictions, as Wright suggests—would not reflect the seriousness of the offense or adequately deter criminal conduct. *See* § 3553(a)(2)(A), (B). House arrest is also not consistent with sentences for those involved in similar drug conspiracies. § 3553(a)(6) (stating that the sentence must "avoid unwarranted sentence disparities"). For these reasons, the factors set forth in § 3553(a) do not support compassionate release for Wright.

(*Id.* at 5–6.)

Wright argues that the court should "reassess the sentencing factors" in light of the "changed circumstances" caused by the COVID outbreak. She urges that any resulting sentencing disparity is "warranted" because her time in prison is more punitive and restrictive due to the threat of the pandemic and now the presence of the disease at FPC Greenville. The court is not persuaded. The court maintains that reducing Wright's sentence would not reflect the seriousness of the crime or adequately deter criminal conduct. Wright maintains that the original sentence provides deterrence by giving notice to other individuals how they might be punished for similar crimes. The notion that reducing a sentence to time served does not impact general deterrence is questionable at best, but Wright also ignores the need for specific deterrence. Moreover, the resulting sentencing disparity is not justified by the existence and ongoing threat of the pandemic.

For these reasons, it is HEREBY ORDERED that Wright's motion for compassionate release (Dkt. No. 482) is DENIED.

The clerk is directed to provide a copy of this memorandum opinion and order to the defendant, all counsel of record, and the United States Probation Office.

Entered: December 8, 2020.

*/s/ Elizabeth K. Dillon*

Elizabeth K. Dillon
United States District Judge